23-7799
Paguay-Acosta v. Bondi

BIA
Reid, IJ
A220 223 091/092/093/094

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

_____

MANUEL ALFREDO PAGUAY-ACOSTA, JOHANNA ELIZABETH LEMA LLIGUICOTA, D.M.P.L., M.A.P.L.,*
> *Petitioners,*

v.                                                   **23-7799**
                                                     **NAC**

_____

\* We have used only initials to refer to the minor petitioners in this publicly accessible order, in accordance with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
  *Respondent.*

_____

FOR PETITIONERS:    Joshua Bardavid, Esq., New York, NY.

FOR RESPONDENT:    Brian Boynton, Principal Deputy Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Nancy D. Pham, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Manuel Alfredo Paguay-Acosta and his partner and children, natives and citizens of Ecuador, seek review of an October 30, 2023, decision of the BIA affirming a May 13, 2022, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[†] *In re Paguay-Acosta*, Nos. A 220 223 091/092/093/094 (B.I.A. Oct. 30, 2023), *aff'g* Nos. A 220 223 091/092/093/094 (Immig. Ct. N.Y. City May 13, 2022).

---

[†] We principally refer to Paguay-Acosta because the remaining petitioners based their applications on Paguay-Acosta's testimony and written statement.

We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, that is, without the grounds for the adverse credibility determination and the alternative findings that the BIA did not affirm. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence, and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's

claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Paguay-Acosta was not credible as to his claim that police officers in Ecuador threatened and beat him for being indigenous and for complaining about that abuse.

The agency reasonably relied on the inconsistency of Paguay-Acosta's statements about whether he was physically harmed during his second interaction with a pair of police officers, on February 27, 2021, and his omission of a March 6, 2021, incident from his direct testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In his written statement, Paguay-Acosta alleged that two officers threatened to beat him and his partner at a market on February 20 and 27, leading them to file a complaint; the officers returned to the market on March 6 and beat him for making that complaint; and the officers came to his home and hit and threatened him further on March 15. At his hearing, he initially confirmed that the officers did not physically harm him during the first two incidents, but in contrast to his prior

4

statement, he denied encountering the officers again between the time he filed the complaint and the incident at his home. Then, when asked to clarify when he was first physically harmed, he testified for the first time that he was beaten on February 27; and he answered nonresponsively when twice asked why his written statement did not mention physical violence on that date.

Paguay-Acosta's arguments and explanations for these inconsistencies are unavailing. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). He argues that he consistently asserted that he was physically assaulted on February 27, but he said on cross-examination that he was not physically harmed on February 27, and later said that he was. And his use of the term "assaulted" to describe the February 27 incident was ambiguous because the details he provided about that incident described a verbal assault. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Moreover, Paguay-Acosta did not merely omit the March 6 incident from his

5

narrative during the hearing; he expressly denied that he saw his abusers between the time he filed a complaint against them on February 27 and their appearance at his home on March 15, thus creating a direct inconsistency in his written and oral statements. *Cf. Hong Fei Gao*, 891 F.3d at 78 (explaining that "inconsistencies created by direct contradictions in evidence and testimony" are generally more probative of credibility than omissions (quotation marks omitted)).

The agency also reasonably relied on the inconsistency of Paguay-Acosta's statements about the time of the February 27 incident. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). He testified that it occurred around noon, but his written statement is most naturally read to allege that it occurred around 5:00 a.m., and the agency was not required to interpret it otherwise. *See Siewe*, 480 F.3d at 167. Petitioners alternatively argue that the agency placed too much weight on this detail, but the agency is entitled to consider even minor inconsistencies "in the totality of the circumstances." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

In addition, the agency did not err in relying on inconsistencies regarding the amount of time the family allegedly stayed in other areas of Ecuador to avoid the two officers. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Paguay-Acosta alleged that he

6

went to Suscal after the incident at his home; but after the same officers pulled over his car, he went to his grandmother's house in El Triunfo; then after the officers came to that house while he was out, he returned to his hometown before leaving for the United States. But his testimony about this approximately 10-week period was confusing and inconsistent: he testified he was in Suscal for about a week, but also that he arrived on April 3 and encountered the officers nearby on April 15; he initially testified he was in El Triunfo for about 15 days, but later said he was there for about a month, that the officers came to his grandmother's house on May 10, and that he returned to his hometown on June 12; and he failed to explain where he was between the car stop in mid-April and his arrival in El Triunfo despite repeated questions. Paguay-Acosta's explanation that he meant that he was in Suscal about a week *before* he was found is not compelling because he was asked for the "total" time he was there and gave a different explanation at his hearing—that he was referring to the time he remained in Suscal *after* he was found. *See Majidi*, 430 F.3d at 80. He similarly argues that his initial testimony that he was in El Triunfo only for 15 days was harmless because his testimony about being threatened and taking evasive actions suggested a longer stay; but again, the record reflects that he was asked about the total duration, and the

7

agency reasonably concluded that a stay of about 15 days was significantly different from a stay of about a month. *See Siewe*, 480 F.3d at 167.

Finally, "[a]n applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Paguay-Acosta does not challenge the agency's conclusion that his documentary evidence did not rehabilitate his testimony, and he has thus abandoned that issue. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given the multiple inconsistencies relating to the alleged past persecution, and the failure to rehabilitate with reliable corroboration, substantial evidence supports the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from

8

showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief all relied on the same discredited facts. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court